CECELIA M. HARMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent LESTER E. AKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harmon v. Commissioner
Docket Nos. 5679-72, 6136-72.
United States Tax Court
T.C. Memo 1974-82; 1974 Tax Ct. Memo LEXIS 237; 33 T.C.M. (CCH) 436; T.C.M. (RIA) 74082; April 2, 1974, Filed. Cecelia M. Harmon and Lester E. Akins, pro se. Karin T. Skeen, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined the following deficiencies in petitioners' 1967 and 1968 income tax: Cecelia M. Harmon *2* Lester E. Akins Year
Deficiency
Addition to Tax Sec. 6653(a), I.R.C. 1954
Deficiency
Addition to Tax Sec. 6653(a), I.R.C. 1954 1967
$3,837.47
$191.87
$3,837.47
$191.87
1968
541.12
1,991.79
99.59
The parties have filed a stipulation of facts and have submitted certain joint exhibits, all of which are incorporated herein by reference. Petitioners were married in 1958. Divorce proceedings were started by Cecelia on February 1, 1968, an interlocutory *238 decree of divorce was granted on October 1, 1968, and a final decree on June 20, 1969. Petitioners filed a joint Federal income tax return for 1967 and separate returns for 1968. Cecelia resided in Fresno, California, and Lester in Ahwahnee, California, when the petitions herein were filed. The principal issue is whether petitioners received unreported income in each of the years, which the Commissioner determined by use of the so-called bank deposit method, attributing to them all unexplained bank deposits, after making full allowance for all deposits attributable to nontaxable sources or to taxable periods outside of the years 1967 and 1968, and after making approximate adjustments for such items as cash payments. He thus arrived at a net amount of $17,230.97 for 1967, which he included in petitioners' 1967 income. He made similar computations for the period January 1 - September 30, 1968, attributing one-half of the net amount thus arrived at to Cecelia, on the theory that it represented her one-half of community income up to the date of the interlocutory decree of divorce, and he thus charged her with additional income for 1968 in the amount of $1,676.19. He attributed *239 the remaining one-half for the period January 1 - September 30, 1968, to Lester, and, upon combining it with Lester's net unexplained bank deposits for the remainder of the year, the Commissioner charged Lester with a total amount of additional unreported income of $7,003.53 for the entire year of 1968. The burden of proof was upon petitioners to show error in the Commissioner's determinations, and they have presented virtually no evidence to that end. Indeed, the stipulated materials affirmatively support the Government's position, and the only evidence in addition thereto presented at the trial by petitioners was some brief oral testimony of Cecelia which contained nothing of consequence that was inconsistent with the Commissioner's determinations. We hold that they must be approved. A second issue suggested by petitioners, although not explicitly pleaded by them, is whether either of them is entitled to the benefits of the so-called innocent spouse provisions of section 6013(e) of the 1954 Code. Assuming that the issue is properly before us, the record fails to establish that section 6013(e) is applicable to either spouse. The record shows that during the tax years, petitioners *240 conducted two businesses. Cecelia was the manager of a small neighborhood store selling beer, wine and grocery items under the name "Star Beer and Wine". This business was conducted until June, 1968, when it was closed. Throughout 1967 and 1968 Lester operated an automobile repair business under the name "Ed's Automotive", which was located across the street from the beverage and grocery business operated by Cecelia. Cecelia made out the deposit slips to the bank accounts in respect of both businesses, and Lester would take the deposits down to the bank. The record can hardly support a finding that the requirements of section 6013(e) (1) (B) or (C) were met as to either spouse. We must reject any contention based upon these provisions. An issue raised in the petition in Lester's case is whether a $1,000 deduction for alleged worthlessness of certain shares of stock in "Fix-A-Roll Corporation" should be allowed for 1967. No evidence whatever was presented in respect of this issue and it must be decided against petitioners for failure of proof. Finally, there is in issue the matter of the section 6653(a) additions to tax for negligence. Here, too, the burden was upon petitioners, *241 and in the absence of any evidence in support of their position, it must be decided against them. To reflect certain concessions made by the respondent, Decisions will be entered under Rule 155.